TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00735-CR







Walter Ray Allen, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0963237, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







The district court found appellant Walter Ray Allen guilty of sexual assault and assessed
punishment, enhanced by previous felony convictions, at imprisonment for forty-five years. Tex. Penal
Code Ann. § 22.011 (West 1994 & Supp. 1997). We will overrule Allen's three points of error and affirm
the judgment of conviction.

The first point of error complains of the admission in evidence of State's exhibit one, a "blue
card" setting forth the warnings to be given by a police officer before taking a suspect's confession. The
officer who questioned Allen identified the card and testified that he read the warnings to Allen before
questioning him. The officer explained that Allen did not sign the card, as is usually done, because he was
handcuffed. Instead, the officer wrote the word "handcuffed" on the signature line, then printed Allen's
name. The State then offered the card in evidence. Defense counsel objected, "The only defense objection
is that my client did not sign the warning card. It's not evidence that he was warned. We have the officer's
testimony, of course, and so I'd object on that basis."

Allen argues that the warning card should not have been admitted because he did not sign
it and because it was cumulative of the police officer's testimony. Relevant evidence may be excluded if
its probative value is substantially outweighed by considerations of needless presentation of cumulative
evidence. Tex. R. Crim. Evid. 403; see Alvarado v. State, 912 S.W.2d 199, 212-13 (Tex. Crim. App.
1995). Assuming that the trial objection was sufficient to preserve a rule 403 complaint, we conclude that
the court's decision to admit the exhibit was not an abuse of its discretion. The warning card was properly
identified and Allen cites no authority supporting his contention that the lack of a signature rendered the
card inadmissible. Finding no reversible error, we overrule point of error one.

In his second point of error, Allen contends the district court erred by permitting a hospital
nurse to relate statements made by the complainant during her physical examination following the sexual
assault. Statements made for the purpose of medical diagnosis or treatment are admissible as an exception
to the hearsay rule. Tex. R. Crim. Evid. 803(4). Allen asserts that the nurse's testimony exceeded the
scope of this exception in that she was allowed to testify to statements having no bearing on the
complainant's diagnosis or treatment.

Allen objected to the nurse's testimony on the general ground of hearsay and on the ground
that the testimony was more unfairly prejudicial than probative. See Tex. R. Crim. Evid. 403. He did not
obtain a ruling on his objections. In order to preserve error for appeal, a party must object in the trial court
on the specific ground alleged and obtain an adverse ruling. Tex. R. App. P. 33.1(a); and see former Tex.
R. App. P. 52(a). Allen did neither. Point of error two is overruled.

Finally, Allen contends the district court erroneously considered evidence outside the
record in finding him guilty. Allen testified in his own behalf, admitted having sexual intercourse with the
complainant, and asserted that the sex act was consentual. In explaining why he did not accept appellant's
version of events, the judge stated:


In order to believe the defendant in this case, I would have to disbelieve all the testimony
of the victim; I would have to disbelieve the testimony of several police officers; and I
would have to believe facts and circumstances, such as that a car with these two
individuals in it nearly hit a patrol car head-on, but wasn't stopped; and the Court
would have to believe a good deal other facts or alleged facts which just don't appear to
have been probable.



(Italics added.) Allen urges that the italicized portion of the court's statement is not supported by record
evidence.

Allen testified that he met the complainant on Sixth Street and she offered to give him a ride
home. The complainant was intoxicated, a fact not in dispute. Allen testified, "We stayed on Seventh
Street until we ran into 183. Now, we were swerving across lanes all the way down Seventh Street where
we almost ran head-on into a cop car, but the cop never turned around to come get us or anything." This
testimony supports the district court's statement. Point of error three is overruled.


The judgment of conviction is affirmed.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 16, 1997

Do Not Publish



nishment, enhanced by previous felony convictions, at imprisonment for forty-five years. Tex. Penal
Code Ann. § 22.011 (West 1994 & Supp. 1997). We will overrule Allen's three points of error and affirm
the judgment of conviction.

The first point of error complains of the admission in evidence of State's exhibit one, a "blue
card" setting forth the warnings to be given by a police officer before taking a suspect's confession. The
officer who questioned Allen identified the card and testified that he read the warnings to Allen before
questioning him. The officer explained that Allen did not sign the card, as is usually done, because he was
handcuffed. Instead, the officer wrote the word "handcuffed" on the signature line, then printed Allen's
name. The State then offered the card in evidence. Defense counsel objected, "The only defense objection
is that my client did not sign the warning card. It's not evidence that he was warned. We have the officer's
testimony, of course, and so I'd object on that basis."

Allen argues that the warning card should not have been admitted because he did not sign
it and because it was cumulative of the police officer's testimony. Relevant evidence may be excluded if
its probative value is substantially outweighed by considerations of needless presentation of cumulative
evidence. Tex. R. Crim. Evid. 403; see Alvarado v. State, 912 S.W.2d 199, 212-13 (Tex. Crim. App.
1995). Assuming that the trial objection was sufficient to preserve a rule 403 complaint, we conclude that
the court's decision to admit the exhibit was not an abuse of its discretion. The warning card was properly
identified and Allen cites no authority supporting his contention that the lack of a signature rendered the
card inadmissible. Finding no reversible error, we overrule point of error one.

In his second point of error, Allen contends the district court erred by permitting a hospital
nurse to relate statements made by the complainant during her physical examination following the sexual
assault. Statements made for the purpose of medical diagnosis or treatment are admissible as an exception
to the hearsay rule. Tex. R. Crim. Evid. 803(4). Allen asserts that the nurse's testimony exceeded the
scope of this exception in that she was allowed to testify to statements having no bearing on the
complainant's diagnosis or treatment.

Allen objected to the nurse's testimony on the general ground of hearsay and on the ground
that the testimony was more unfairly prejudicial than probative. See Tex. R. Crim. Evid. 403. He did not
obtain a ruling on his objections. In order to preserve error for appeal, a party must object in the trial court
on the specific ground alleged and obtain an adverse ruling. Tex. R. App. P. 33.1(a); and see former Tex.
R. App. P. 52(a). Allen did neither. Point of error two is overruled.

Finally, Allen contends the district court erroneously considered evidence outside the
record in finding him guilty. Allen testified in his own behalf, admitted having sexual intercourse with the
complainant, and asserted that the sex act was consentual. In explaining why he did not accept appellant's
version of events, the judge stated:


In order to believe the defendant in this case, I would have to disbelieve all the testimony
of the victim; I would have to disbelieve the testimony of several police officers; and I
would have to believe facts